### *Edmund Kirby* v. *Samuel Cogswell.*

This was an action on a promissory note by the in-
dorsee against the maker. It appeared on the trial,
which took place during the last *Albany* circuit, that
the plaintiff was one of a firm, and had indorsed the
note, in the name of the house, to himself, and now
sued in his individual capacity. On this account, an
objection was taken, the defendant insisting that the
plaintiff could not by his indorsement in the style of
the co-partnership, transfer to himself, in his private
character, the note so as to give a right of action.——
This, however, being overruled by his honour, Mr.
Justice KENT, the defendant, within the time limit-
ed by rule, made a case, and served it on the plain-
tiff's attorney. He, observing it to be incorrect,
made another, detailing the facts accurately, and

also served his, titling it an "amended case."* On Feb. Term, 1804.
the            of *November* last, being the first day of
*November* term, the plaintiff filed his certificate of * See *Mil-ward* v. *Hal-lett, ante,* p. 261.
trial, *nisi prius* record, with the *postea* indorsed, jury
process, and entered a rule *nisi* for judgment. On
the 8th of *November*, the defendant taking no notice
of the case intended as an amendment, obtained, on
his own statement of facts, a certificate from Mr.
Justice KENT, to stay proceedings. This, with a
copy of his case, but without any notice of motion,
he served the next day on the plaintiff's attorney, ob-
serving to him, at the same time, that the amend-
ments, according to the practice of the court, ought
to have been proposed and not sent in the shape of a
new case. The plaintiff's attorney then offered to
make a fair statement, as should be agreed on, alleg-
ing his ignorance of the strict rules of making a case.
The defendant's attorney seeming to evade this, the
plaintiff on the 16th of *November* served a copy of a
bill of costs in the suit, with regular notice of taxa-
tion, which he proceeded to execute, signed judg-
ment, and issued a *fieri facias*.

*Van Antwerp* now moved to set aside the judg-
ment and all subsequent proceedings, insisting that
the certificate of the judge was a complete stay,
without any notice of motion annexed; for the plain-
tiff had, as well as the defendant, a right to bring on
the argument on the case.

*Per Curiam.* The question is, as to the opera-
tion of a certificate of probable cause to stay proceed-
ings. The 4th rule of *January*, 1799, settles, that,

T t

at the time of service of the order, it must be accompanied with a notice of motion. The right of the opposite party to notice for argument, does not take away the necessity of notice ; for the mere certificate itself is no stay. The defendant, therefore, can take nothing by his motion, and must pay the costs of the present application.